1
**AFFIDAVIT**

I, Michael McCullagh, having been duly sworn, do depose and say as follows:

1.  I am a Special Agent with Homeland Security Investigations (HSI). HSI is a directorate within Immigration and Customs Enforcement (ICE). ICE is a subordinate component of the Department of Homeland Security (DHS), a department in the executive branch of the United States of America. ICE is the successor to many of the law enforcement powers of the former Immigration and Naturalization Service and the former U.S. Customs Service. I have been a Special Agent since July 2002. Upon graduating from the Federal Law Enforcement Training Center, I was assigned as a Special Agent for the U.S. Customs Service in the Special Agent in Charge (SAC) New York Office in New York City. In October 2007, I transferred to the Burlington, Vermont Resident Agent in Charge Office, where I presently work. I hold a Bachelor of Science degree in Business Administration from Saint Michael's College. I have been a computer forensic agent (CFA) for my agency since 2006 and have participated in many child pornography and child exploitation investigations. Prior to my employment with HSI, I was a police officer with the Winooski, Vermont Police Department. Throughout my career, I have gained experience, through training and everyday work, in investigating violations relating to child exploitation and child pornography.

2.  This Affidavit is offered to demonstrate that probable cause exists to believe that on or about January 27, 2019, Russell BIATHROW, of 140 West Hill Road, Killington, Vermont, knowingly possessed visual depictions that had been shipped or transported using any means or facility of interstate commerce, or which was produced using materials which have been so shipped or transported, by any means including by computer, and the production of such

2

visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct in violation of 18 U.S.C. §2252(a)(4)(B).

3. I have not set forth all facts I know from my investigation into this matter. Rather, I have included those facts I believe establish probable cause to believe that Russell BIATHROW committed the foregoing offense. My knowledge comes from my own investigation in this matter, my conversations with other law enforcement personnel, and my review of reports and the evidence in this matter.

4. Due to my previous investigation in this matter, I am aware that Russell BIATHROW lives at 140 West Hill Road, Killington, Vermont (the "Subject Premises").

**PROBABLE CAUSE**

5. On May 9, 2019, I obtained a warrant to search the Subject Premises (the "Search Warrant"), for evidence related to the possible possession, receipt and distribution of images of child pornography, in violation of 18 U.S.C. § 2252. A true and correct copy of the affidavit I executed in connection with the Search Warrant is attached hereto as Exhibit 1 and incorporated herein in its entirety.

6. At approximately 6:05 a.m., on May 13, 2019, other law enforcement personnel and I executed the Search Warrant. We encountered one occupant at the Subject Premises at the time of execution, Russell BIATHROW. I explained to BIATHROW that there was a federal search warrant for the residence and that I would explain further once a security sweep was completed. At this time, I informed BIATHROW that he was not under arrest, he was free to leave, he had no obligation to speak to us, and if he did choose to speak to us, he could end the conversation at any time. After the security sweep was completed, Detective Raymond asked BIATHROW if he would be willing to speak with Detective Raymond and me in the living

3

room. I reminded SMITH that he was not under arrest, he was free to leave, he had no obligation to speak to us, and if he did choose to speak to us, he could end the conversation at any time. BIATHROW agreed to speak with us. At this time, he told us the following:

a. BIATHROW lives at the Subject Premises with his parents, who live in Florida for the winter.

b. BIATHROW advised that he has used Entity[1] several times, but not recently as he is not allowed on the internet. BIATHROW advised that he is currently on federal probation for a child pornography offense. BIATHROW advised that the last time he accessed the internet was back in December, 2018.

c. BIATHROW advised that there was no one staying with him in the end of January or in February, 2019.

d. The Internet in the Subject Premises is through Comcast and the wireless network is password protected. He does not share the password with any neighbors and no one has come to stay at the house during the time end of January or February, 2019 who has accessed the Internet.

e. Initially, BIATHROW advised he only had Lenovo desktop computer with Windows 10 on it.

f. BIATHROW advised he is attracted to young girls, ages fourteen and older. BIATHROW advised he realizes that is incorrect in this society, but he has spent time overseas.

---

[1] I know the name of "Entity," but am not including such information in this affidavit to protect the integrity of ongoing investigations.

4

g. BIATHROW advised that he last looked at child pornography about a year ago, using a laptop he had at the time. BIATHROW advised that he gave it to a friend; but could only recall his first name as Wilbur.

h. When asked if we would find any child pornography on his current computer, BIATHROW advised that there may be some stories on it.

i. Detective Raymond showed BIATHROW the image reported to NCMEC from the CyberTip referenced in Exhibit 1.

j. BIATHROW advised that he recognized the image and could not remember where he has seen it before.

k. BIATHROW advised that he is into dominance/submission over women, something he "got into" while he was serving in the Army in Europe.

l. BIATHROW then disclosed he had an Acer Laptop in his bedroom, and that Windows would not work on it. BIATHROW advised that the device was not authorized. BIATHROW initially indicated the Acer Laptop belonged to someone else.

m. Det. Raymond asked BIATHROW if we were going to find child pornography here. After a long pause, BIATHROW advised "yes, on the Acer." BIATHROW further explained that Windows died back in February, 2019.

n. When BIATHROW was asked the last time he masturbated to a file of child pornography, he advised he had done so in February on the Acer. BIATHROW advised that he found the file on "Dr. Bizarro" and he remembered seeing the image we showed him but did not recall searching it on Entity. BIATHROW advised that he deleted the files.

o. BIATHROW advised that he had bought the Acer Laptop either at Walmart or Staples as a refurbished computer approximately one year ago. BIATHROW advised

5

that the Acer was hidden in his closet until a few days ago when he took it out to see if he can get it working again.

      p.    When asked if he has ever touched a child inappropriately, BIATHROW advised "not in the United States." BIATHROW did advise that when he was in his twenties, he inappropriately touched a twelve or thirteen year old child while overseas with the military.

      q.    BIATHROW also explained that his definition of an adult woman and society's definition of an adult woman are a little different. BIATHROW advised that when a girl becomes fourteen or fifteen, they are old enough to make their own decisions, even though society thinks they should be eighteen.

7.    HSI Computer Forensic Agent (CFA) Seth Plumb conducted a limited on-scene forensic preview of the Acer Laptop. CFA Plumb observed that the Acer was a Cloudbook. CFA Plumb was unable to access the device on-scene due to a problem with the operating system.

8.    The Acer was manufactured in China.

9.    Based on my training and experience, I know that the Internet is a facility of interstate and foreign commerce.

6

10. Based on the foregoing, I believe there is probable cause to believe that Russell BIATHROW has knowingly possessed visual depictions that have been shipped or transported using any means or facility of interstate commerce, or which was produced using materials which have been so shipped or transported, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

*[signature]*
MICHAEL MCCULLAGH
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 13th day of May, 2019.

*[signature]*
HON. JOHN M. CONROY
United States Magistrate Judge